IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAUN MATZ,

    Plaintiff,

v.

GABRIEL GALLOWAY,

    Defendant.

OPINION and ORDER

Case No. 18-cv-748-wmc

Under the category of "no good deed goes unpunished," *pro se* plaintiff Shaun Matz is suing his former attorney, Gabriel Galloway, for legal malpractice, arising from Galloway's *pro bono* representation in a 2010 civil rights case before this court.[1] *See Matz v. Vandenbrook*, No. 3:10-cv-668 (W.D. Wis.). Before the court is Galloway's motion to dismiss on the grounds that Matz's claim is time-barred and his allegations fail to state a claim upon which relief can be granted. (Dkt. #17.) Because the lawsuit was timely filed under the applicable statute of limitations and Matz's allegations state a claim, the court must deny the motion.

ALLEGATION OF FACT[2]

In 2010, Shaun Matz filed a civil rights lawsuit *pro se* in the Western District of Wisconsin based on events that allegedly occurred during his incarceration in the

---

[1] In this lawsuit, Matz has properly pleaded the factual basis for this court's exercise of diversity jurisdiction.

[2] The court draws the following facts from Matz's complaint. In reviewing a motion to dismiss under the Federal Rules of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-

1

Wisconsin Department of Corrections' Waupun Correctional Institution. Specifically, Matz claimed that DOC officials violated his Eighth Amendment rights in handling his serious mental illness. On December 2, 2011, District Judge Barbara Crabb recruited Galloway to represent Matz in that lawsuit.[3] *Vandenbrook*, dkt. #37.

Matz alleges that during that representation, he provided Galloway with documents supporting his claims, including: (1) written statements by a DOC psychiatrist that Matz's segregation increased his risk of self-harm; (2) expert reports describing Matz's serious mental health issues and discussing the impact of continued confinement in segregation; and (3) affidavits of several inmates willing to testify about Matz's conditions of confinement. Moreover, he alleges that Galloway filed a motion for a preliminary injunction on behalf of Matz, relying on some of those documents.

Further, on September 25, 2012, an order was entered granting Galloway's request to retain an expert to support Matz's case. *Id.*, dkt. #69. Galloway ultimately did not retain an expert, and in his motion to dismiss in this case, Galloway purports to detail why he chose not to do so. (Dkt. #17, at 2.) Nevertheless, Galloway, who is defending himself, neither swears to the assertions in his motion under penalty of perjury, nor does he explain why this court should consider his unsworn assertions in resolving a motion to dismiss for failure to state a claim. Therefore, the court will not consider Galloway's unverified

---

pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiffs. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

[3] Matz is a frequent filer in this court, but not subject to restriction under the three-strike rule. His malpractice claim was screened to go forward without payment of filing fees based on Matz's *in forma pauperis* status.

assertions as to why he did not retain an expert, and further declines to convert his pending motion to one for summary judgment under Fed. R. Civ. P. 12(d), having failed to submit evidence in a form suitable for consideration of such a motion.

On May 24, 2013, the defendants filed a motion for summary judgment with respect to all DOC defendants. In Matz's opposition brief, Galloway argued that defendants had not carried their burden. Judge Crabb granted defendants' motion for summary judgment, commenting that (1) the opposition brief referenced the wrong burden of proof and (2) Matz had not come forward with any expert testimony supporting his claims. While Matz's remaining claims went to trial, Galloway did not seek to admit testimony from the other inmates who had previously provided supporting affidavits for Matz, nor did he offer any expert testimony in support of Matz's claims. After the jury came back with verdicts for defendants, Matz initially filed a *pro se* notice of appeal to the Court of Appeals for the Seventh Circuit, but later moved to dismiss it. The Seventh Circuit then granted that motion and dismissed Matz's appeal on May 7, 2014.

OPINION

The court will address in turn Galloway's motion to dismiss on the grounds of statute of limitations and failure to state a claim.

I.  **Statute of limitations**

Plaintiff's malpractice claim is governed by Wisconsin law. While Wisconsin's current statute of limitations for legal malpractice claims is three years, Wis. Stat. § 893.53,

3

this has only been true since April 5, 2018. Before that effective date, the limitations period for these claims was actually six years. *See* Wis. Stat. 893.53 (2016), *amended by* 2017 Wis. Act. 235 (eff. Apr. 5, 2018). Moreover, under Wisconsin law,

> In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue *subsequently to the time when the repealing act shall take effect*, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

Wis. Stat. § 990.06 (emphasis added). Finally, in Wisconsin, "the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect," *and* "the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute," means that courts are to apply the old statute of limitations to causes of action accruing before the effective date of the statute. *See Gutter v. Seamandel*, 103 Wis. 2d 1, 18, 308 N.W. 403 (1981). Therefore, a six-year statute of limitations applies here.

Matz's claim accrued at the earliest, October 21, 2013, when the jury returned its verdict, and at the latest, May 7, 2014, when the Seventh Circuit denied Matz's appeal from that verdict. Thus, even though Matz did not file this lawsuit until September 10, 2018, almost five years after the adverse jury verdict, his claim is not time-barred under the six-year statute of limitations.[4] Galloway does not even acknowledge the proper statute

---

[4] Matz pointed out this change in the statute of limitations in his opposition brief, but he incorrectly recharacterized his claim as being brought under 42 U.S.C. § 1983. That mistake is of no moment because the same statute of limitations applies to § 1983 claims. *See Hemberger v. Bitzer*, 216 Wis.

4

of limitations, much less direct the court to authority suggesting the six-year statute of limitations should not apply to Matz's malpractice claim which accrued in 2013 or 2014. Accordingly, Matz's claim is timely.

II.     **Failure to state a claim**

Under Rule 12(b)(6), Galloway also challenges the legal sufficiency of Matz's complaint on the basis that it fails to state a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, dismissal of a claim on this basis is only appropriate where "the allegations of the complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. To survive a motion to dismiss, therefore, a complaint need only "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Moreover, to prevail on his legal malpractice claim under Wisconsin law, plaintiff must only allege that the defendant: (1) had a lawyer-client relationship with plaintiff; (2) committed acts or omissions constituting negligence; and (3) the alleged negligence caused plaintiff injury. *Lewandowski v. Continental Casualty Co.*, 88 Wis. 2d 271, 276 N.W.2d 284, 287 (1979); *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 15, 300 Wis. 2d 510, 730 N.W.2d 173. To establish causation and damages in a legal malpractice action in particular, a plaintiff must prove that "but for" the attorney's negligence, the plaintiff would have

---

2d 509, 574 N.W.2d 656 (1998). Matz also argues that because Galloway did not file his answer, he is in default. However, Federal Rule of Civil Procedure 12(b) requires motions to dismiss to be filed before a responsive pleading. Therefore, Galloway has not defaulted.

prevailed on the underlying litigation. *Talmage v. Harris*, 354 F. Supp. 2d 860, 864-65 (W.D. Wis. 2005) (citing *Harris v. Bowe*, 178 Wis. 2d 862, 868, 505 N.W.2d 159 (Ct. App. 1993)). Practically speaking, this requires the plaintiff to prove a case-within-a-case -- that is, that he would have prevailed on the merits of the underlying litigation. *Id.* (citing *Lewandowski*, 88 Wis. 2d at 277, 276 N.W.2d at 287).

Galloway seeks dismissal because Matz's allegations of negligence are conclusory, but his complaint is grounded in alleged facts sufficient to find negligence, including that Galloway failed to: (1) apply the proper burden of proof in opposing defendants' motion for summary judgment, (2) pursue an expert report or testimony related to the impact of segregation on Matz's mental health, or (3) call certain witnesses. Matz further alleged that this negligence *caused* him to lose his lawsuit. At screening, the court noted that it will be difficult for Matz to prove his claim at trial, but found, as it does here again at the pleading stage, that his complaint satisfies the minimal requirements to proceed.

Telling as they may be about how this claim may be resolved, Galloway's opinions about his performance and of other evidence are not properly before the court at the pleadings stage. Similarly, Galloway contends that Matz cannot plausibly state a claim because a jury decided the question of causation, which is a "black box," meaning that "neither Matz nor any other Plaintiff can plead in an adequate way that they know why a jury came to the decision that it did." (Dkt. #17, at 3-4.) To accept this argument would, at best, require the court to ignore federal pleading requirements, and at worst, preclude any legal malpractice claims arising from an adverse jury verdict. Therefore, the court must decline to dismiss this lawsuit for failure to state a claim.

ORDER

IT IS ORDERED that defendant Gabriel Galloway's motion to dismiss (dkt. #17) is DENIED.

Entered this 17th day of October, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge