IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAUN MATZ,

    Plaintiff,

v.

GABRIEL GALLOWAY,

    Defendant.

OPINION and ORDER

18-cv-748-wmc

---

In a previous opinion and order, this court explained in detail why it appeared that summary judgment for defendant was appropriate in this legal malpractice case. Specifically, although plaintiff Shaun Matz contends that his former attorney, Gabriel Galloway, should be liable for legal malpractice following his *pro bono* representation of plaintiff in a 2010 civil rights case before this court,[1] the court's own review of the 2010 case record showed that plaintiff had no chance of showing that he would have prevailed in his underlying Eighth Amendment claims against prison staff at Columbia Correctional Institution. Under Federal Rule of Civil Procedure 56(f), the court directed plaintiff to identify specific evidence that could have been presented in the 2010 case to prove specific elements of his Eighth Amendment claims. Specifically, the court directed plaintiff to submit evidence showing that:

    a. there were feasible alternatives to his placement in segregation or administrative confinement available at Columbia Correctional Institution;

    b. the relevant defendants believed Matz's conditions of confinement were exacerbating his mental illness and that there were feasible alternatives available;

---

[1] *See Matz v. Vandenbrook*, 10-cv-668-bbc (W.D. Wis.).

1

    c. the specific defendants in the 2010 case (Lane and Salter) knew of or recklessly disregarded information that would have led them to believe that Matz was powerless to stop himself;

    d. the defendants knew or recklessly disregarded evidence that it was improper to house Matz in segregation for engaging in compulsive acts of self-harm.

    e. there were relevant differences between the conditions of confinement or the available mental health treatment at Green Bay prison over Columbia prison where Matz wanted to stay;

    f. the defendants knew Green Bay was an inappropriate placement for Matz; and

    g. inmates who would have provided credible, relevant testimony to support Matz's version of events regarding the alleged conversations that occurred in 2007 and 2009 between Matz and the defendants.

Plaintiff has now responded, but he failed to submit any of the requested evidence. Instead, he responds that the relevant evidence is unavailable because defendant had all of the relevant evidence but failed to return it to plaintiff after the previous case ended. This response is insufficient to raise any genuine dispute of material fact regarding any of plaintiff's claims. As plaintiff is aware, he could have sought discovery to obtain relevant evidence from defendant. If defendant failed to respond to discovery requests, plaintiff could have sought court intervention by filing a motion to compel. Plaintiff also could have attempted to obtain records from the Department of Corrections or contacted other inmates who he says could have corroborated his version of events. At the very least, plaintiff could have submitted a sworn declaration explaining what *specific* evidence he thinks would have proven his claims in the 2010 lawsuit. Plaintiff did none of those things, and instead offers only speculation that such evidence exists and would have been sufficient for him to succeed on his complex Eighth Amendment claims. Because speculation alone

is not sufficient to defeat summary judgment, the court will grant summary judgment to defendant and close this case. Fed. R. Civ. P. 56(f).

ORDER

IT IS ORDERED that summary judgment is GRANTED to defendant Gabriel Galloway. The clerk of court is directed to enter judgment and close this case.

Entered this 2nd day of April, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge